UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ZHAVLONBEK USMANOV,

     Plaintiff,

                                      Case No. 1:26-cv-678

v.

                                      Hon. Hala Y. Jarbou

KEVIN RAYCRAFT, et al.,

     Defendants.
_____/

## ORDER

Petitioner, an Immigration and Customs Enforcement detainee at the North Lake Processing Center in Baldwin, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)  This is Petitioner's second habeas petition before this Court; the first was filed on December 20, 2025, and conditionally granted on February 3, 2026.  *See Usmanov v. Raycraft*, No. 1:25-cv-01848, ECF No. 8 (W.D. Mich. Feb. 3, 2026).  In that case, the Court found that Petitioner had been unlawfully detained without a bond hearing.  The Court ordered Respondents to provide a hearing or immediately release Petitioner.  In accordance with the Court's order, Respondents held a bond hearing on February 5, 2026, at which Petitioner was granted bond.  However, Petitioner was never released; instead, Respondents held a second bond hearing on February 27 in which they presented new evidence.  Based on that evidence, Petitioner was denied bond.  (*See* Pet. ¶¶ 7–14.)  Petitioner argues that Respondents lacked the authority to hold a second hearing after he had been initially granted bond, and that Respondents improperly placed the burden of proof on him at the bond hearings.

Now before the Court is Petitioner's motion for a temporary restraining order (ECF No. 6). Petitioner represents that he has a pending application for asylum and withholding of removal, and that a hearing on the merits of that application will take place on April 1, 2026. He seeks an order from this Court "enjoin[ing] Respondents from continuing . . . with Petitioner's removal proceeding until this present habeas corpus matter is fully adjudicated." (TRO, ECF No. 6, PageID.207.) However, the issue of removal is distinct from the issue raised in Petitioner's habeas petition: namely, whether his continued detention without bond is unlawful. "[A] party moving for [injunctive relief] must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (first alteration in original) (quoting *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010)). Petitioner has not established such a relationship here. And Petitioner does not raise any legal challenge to the removal proceeding itself; he merely argues that a removal order would interfere with this case and potentially lengthen his detention. It is true that a removal order would provide Respondents with a different statutory basis to detain Petitioner. *See* 8 U.S.C. § 1231(2) (governing detention pending removal). But that possibility is not a reason to enjoin the removal proceedings—it simply means that those proceedings may render the current dispute moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 6) is **DENIED**.

Dated: March 31, 2026                                   /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE

2