UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ZHAVLONBEK USMANOV,

                  Petitioner,

v.

KEVIN RAYCRAFT, et al.,

                  Respondents.

_____/

Case No. 1:26-cv-678

Hon. Hala Y. Jarbou

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.13.)

In an order entered on March 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 9, 2026, (ECF No. 4.). Petitioner filed a reply on March 12, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Russia. (Notice to Appear (NTA), ECF No. 4-1, PageID.83.) Petitioner entered the United States during 2022 at the San Ysidro port of entry. (*Id.*)

On October 5, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner in Aurora, Illinois. (2025 Form I-213, ECF No. 4-2, PageID.89.) At that time, DHS reported that it had previously issued Petitioner a Form I-862, NTA, charging him with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-1, PageID.86.)

On December 20, 2025, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that Respondents be ordered to release Petitioner or ordering Respondents to conduct a bond hearing that meets the requirements of due process. *Usmanov v. Raycraft* (*Usmanov I*), No. 1:25-cv-1848, 2026 WL 285328 (W.D. Mich. Feb. 3, 2026). After considering the evidence, the briefing, and the legal precedents, the Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) or, in the alternative, immediately release Petitioner from custody. *Usmanov I*, No. 1:25-cv-1848, 2026 WL 285328, at *2.

On February 5, 2026, the Detroit Immigration Court held a bond hearing pertaining to Petitioner. (Order of Immigration Judge, ECF No.1-2, PageID.17.) After hearing evidence from Petitioner, the immigration judge ordered that Petitioner be released from custody under a bond of $15,000 and under conditions set by DHS. (*Id.*)

Petitioner contends for a three-week period following the February 5, 2026, bond hearing, he attempted to pay the $15,000 bond as ordered by the immigration judge and be released from custody. (Pet., ECF No. 1, PageID.3.) Respondents thwarted his attempt to pay the bond amount and refused to release Petitioner from custody. (*Id.*)

On February 25, 2026, Respondents filed a Motion to Reopen requesting an opportunity to present additional evidence. (Motion to Reopen, ECF No. 1-3, PageID.19–21.) The Motion was granted. (Order of Immigration Judge, ECF No. 1-4, PageID.33.) The immigration judge vacated the previous Order of the Immigration Judge, which granted release on bond for Petitioner. (Order of Immigration Judge, ECF No. 4-8, PageID.189.)

On February 27, 2026, a second bond hearing was held before the Detroit Immigration Court. (Order of Immigration Judge, ECF No. 4-10, PageID.193.) Respondents presented evidence which was not placed before the immigration court during the February 5, 2026 bond hearing. (*Id*.) After the argument presentation, Petitioner withdrew his bond request. (Pet. ECF. No. 1, PageID.4; Order of Immigration Judge, ECF No. 4-10, PageID.193, *see also* Feb. 27, 2026 Audio of Bond Hearing, ECF No. 4-9.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

In the petition before the Court, Petitioner contends: (1) Respondents did not complete the bond hearing timely, (2) Respondents had no legal authority to re-open or reconsider the matter, and (3) the burden of proof was improperly placed on Petitioner. (Pet., ECF No. 1, PageID.4–10.) The Court cannot reach Petitioner's stated issues without issuing an advisory opinion, which the

Court is loath to do. Petitioner's decision to withdraw his request for a custody determination or bond hearing removed the Court's judicial power to adjudicate the issues because of a lack of subject-matter jurisdiction. *See Mokdad v. Sessions*, 876 F.3d 167, 169, 170 (6th Cir. 2017) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)) (explaining that when the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction). In addition, the Federal Rules of Civil Procedure require that if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" sua sponte. Fed. R. Civ. P. 12(h)(3).

Federal courts have the "judicial Power" to decide "Cases" and "Controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than" Article III's case-or-controversy requirement. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). This requirement demands that cases "embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 592 U.S. 53, 58 (2020).

To that end, Petitioner must establish that he has standing to sue before courts can consider the merits of his claims. *Raines v. Byrd*, 521 U.S. 811, 820 (1997). Standing requires that the plaintiff or Petitioner, in this case, "have a personal stake in the case." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To make this showing, Petitioner must establish (1) he suffered an injury in fact (2) that was caused by, or is fairly traceable to, the Respondents, and (3) that can be redressed by the Respondents. *See Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). Here, Petitioner withdrew his request for a custody determination

4

or bond hearing thereby removing Respondents' burden to provide a constitutionally sufficient hearing whether Petitioner may be released from custody.

While standing ensures that a plaintiff has a personal stake in the outcome of litigation at the outset, mootness "is akin to saying that, although an actual case or controversy once existed, changed circumstances have intervened to destroy standing." *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017) (quoting *In re 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016)). Petitioner's decision to withdraw his request for a custody redetermination or bond hearing is a change of circumstances that destroyed standing in this case. There is no longer an existing "case or controversary" for the Court to adjudicate. Regardless, just as standing is required for a federal court to have jurisdiction over a case, *see Lujan*, 504 U.S. at 561, the absence of mootness is also required. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'") (quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). The change of circumstances in this case has mooted Petitioner's claims.

## V.    Other Claims and Other Forms of Relief

Because Petitioner's § 2241 petition is moot, the Court does not address the other claims and other requested relief in Petitioner's petition. [1]

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the

---

[1] The Court notes that Respondents detained Petitioner on October 5, 2025, At the time Petitioner filed his § 2241 petition on March 1, 2026, he had not been detained for six months. *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes.").

reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, as moot. Further, the Court will dismiss the Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated: April 7, 2026                                     /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          CHIEF UNITED STATES DISTRICT JUDGE

6